**UNITED STATES of America, Appellee,**

v.

**Steven M. MUCHNICK a/k/a Munch, Appellant.**

**No. 91–2142.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1991.

Decided March 24, 1992.

Zygmunt Jarczyk, Kansas City, Mo., argued (James D. Scherzer, on the brief), for appellant.

D. Michael Green, Kansas City, Mo., argued, for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

McMILLIAN, Circuit Judge.

Steven M. Muchnick appeals from a final judgment entered in the United States District Court[1] for the Western District of Missouri, upon a jury verdict, finding him guilty of one count of conspiracy to distribute diazepam and alprazolam in violation of 21 U.S.C.A. §§ 846, 841 (West Supp.1991),

---

**1.** The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

nine counts of use of a telephone to facilitate the distribution of diazepam and alprazolam in violation of 21 U.S.C.A. § 843(a) (West 1981 & West Supp.1991), four counts of distribution of diazepam and alprazolam in violation of 21 U.S.C.A. § 843(b) (West 1981), and one count of theft of government property in violation of 18 U.S.C.A. §§ 641, 642 (West 1976). The district court sentenced Muchnick to two years probation on each count to be served concurrently, a fine of $1,200.00 on the theft of government property count, restitution of $83.76, and a special assessment of $750.00. For reversal, Muchnick argues that the district court [2] erred in (1) failing to suppress the evidence obtained from intercepted wire communications and (2) failing to suppress the evidence obtained pursuant to a search warrant based upon the intercepted wire communications. We have thoroughly reviewed the district court record and affirm the judgment of the district court.

This case involves a conspiracy to distribute diazepam and alprazolam, that is Valium and steroids. In June 1989, Muchnick met Willie Lee Ligans, a pharmacy technician at a Veterans Administration (VA) hospital, at a party. Later, Ligans stole two bottles of diazepam from the VA hospital and sold them to Muchnick for $240.00. Muchnick then resold the diazepam. Alprazolam was also stolen by Ligans and resold by Muchnick.

Following tips received from two confidential informants, a pen register was placed on the telephone at Muchnick's house pursuant to a Kansas state court order on September 14, 1989. The pen register showed many calls from Muchnick's phone to various co-conspirators. During September 1989, the police began collecting the trash bags left for collection outside of Muchnick's home. From the trash bags, the police recovered bottles labeled for anabolic steroids and "Zenith" brand diazepam tablets, syringes, hypodermic needles, and some marijuana paraphernalia. Meanwhile, the police began surveillance of Muchnick and observed him meeting with various co-conspirators.

In late November 1989, a Kansas state court issued a wiretap order for the telephone at Muchnick's home. This wiretap was monitored for about two weeks and more than one hundred calls were intercepted. Many of these calls involved the distribution of diazepam and alprazolam.

Muchnick's arguments on appeal all relate to the wiretap order and the intercepted phone calls. Muchnick argues that the wiretap application did not include a particularized or specific description of the type of communication sought to be intercepted as required by Kan.Stat.Ann. § 22–2516(1)(b)(iii), which mirrors 18 U.S.C.A. § 2518(1)(b)(iii) (West Supp.1991). Secondly, Muchnick argues that the wiretap application and affidavit failed to establish the probable cause necessary to support the wiretap order as required in Kan.Stat.Ann. § 22–2516(3)(a), (b), which mirrors 18 U.S.C.A. § 2518(3)(a), (b) (West 1970). Finally, Muchnick argues that the wiretap application and affidavit failed to explain fully why other investigative techniques had not been tried or would be unlikely to succeed as required by Kan.Stat.Ann. 22–2516(1)(c), which mirrors 18 U.S.C.A. § 2518(1)(c) (West 1970). Because the search warrant application was based upon evidence obtained from the intercepted telephone calls, Muchnick alleges that all evidence seized pursuant to the search warrant should also be suppressed.

We disagree. We have reviewed the application and supporting affidavit for the wiretap warrant and agree with the district court that they contained a sufficiently particularized description of the communications sought to be intercepted and established probable cause upon which to base the wiretap order. The wiretap application and affidavit also showed a need for the wiretap because other investigative techniques had been tried and failed or were reasonably unlikely to succeed if tried or were too dangerous and because the brother of a police officer was one of the targets

---

**2.** Steven Muchnick appeals from pre-trial orders issued by The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

of the investigation and therefore there was need to keep the investigation confidential. Because there was nothing improper about the wiretap order, the search warrant was properly based upon the intercepted telephone calls.

Accordingly, we affirm the judgment of the district court. *See* 8th Cir.R. 47B.